CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853

SKYLER H. PEARSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Skyler.Pearson@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROSEMARY M. STEVENS,<br><br>  Plaintiff,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA; DOES I through X, ROE CORPORATIONS 1 through X inclusive,<br><br>  Defendant. | Case No. 2:20cv-00331-JCM-BNW<br><br>**Motion for Exception to Settlement Conference Attendance Requirements** |

### I. Introduction

This is a personal injury case arising out of a trip and fall on a military base. The Court has set this case for a settlement conference to be held on September 22, 2021, at 9:00 a.m. ECF No. 16. The order scheduling the settlement conference mandates that "the remote participation of each of the following individuals is required for the entire duration of the settlement conference: an attorney of record who will be participating in the trial of this case . . . [and] a representative with settlement authority up to the full amount of the claim." ECF No. 16 at 2.

### II. Argument

The United States is unlike any other party because it is "the most frequent litigant in federal court." *United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051,

1058–59 (9th Cir. 2012), *as amended* (Oct. 16, 2012). Because the government handles a very large number of cases, it would be impractical, if not physically impossible, for those with settlement authority to prepare for—and appear at—all settlement conferences. *Id.* at 1059. The Advisory Committee notes to the 1993 amendments to Federal Rule of Civil Procedure 16 acknowledge the unique position that the federal government occupies as a litigant:

> Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility.

Fed. R. Civ. P. 16 advisory committee's note.

The government delegates settlement authority to select individuals to promote centralized decision-making. *U.S. Dist. Court for N. Mariana Islands*, 694 F.3d at 1059–60. Centralized decision-making promotes three important government objectives. *Id.* First, it allows the government to act consistently in important cases. *Id.* Second, centralized decision-making allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few officials. *Id.* Third, by giving authority to high-ranking officials, centralized decision-making better promotes political accountability. *Id.* In light of these principles, the Ninth Circuit has determined that district courts should adopt a "practical approach" in deciding whether to require a government representative with full settlement authority to attend a pre-trial conference. *Id.* at 1061 (quotation omitted). Only as a "last resort" should the district court require an official with full settlement authority to participate in a pre-trial conference in person. *Id.* (quotation omitted).

The ultimate authority to settle this case rests with officials at the United States Air Force, the United States Attorney's Office for the District of Nevada, and officials within the Department of Justice, depending on the amount involved, and whether the client agency and Department of Justice officials agree with the proposed resolution. 28 C.F.R. § 0.168(a). It is not feasible, however, for these officials to attend all settlement conferences.

1  Moreover, AUSAs routinely participate in settlement conferences in this district as the
2  United States' sole settlement representatives. Before the settlement conference, the AUSA
3  discusses the case with the officials who have settlement authority to determine the range
4  of settlement offers the United States would accept. This approach has not hampered
5  settlement discussions or impeded settlement in the hundreds of settlement conferences in
6  which the United States has participated over the years. In fact, hundreds of cases involving
7  the United States have settled over the years using this approach.
8      Accordingly, the United States requests that the Court allow AUSA Skyler Pearson
9  to participate in the settlement conference as the sole representative for the United States.
10 AUSA Pearson will brief the appropriate government officials on the case before the
11 settlement conference to ensure the United States' meaningful participation. Should it be
12 necessary, AUSA Pearson will provide further recommendations to appropriate
13 government officials via telephone during the settlement conference.

    Respectfully submitted this 25th day of August 2021.

    CHRISTOPHER CHIOU
    Acting United States Attorney

    *s/ Skyler H. Pearson*
    SKYLER H. PEARSON
    Assistant United States Attorney

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** August 30, 2021.

3